rosemenomemo

LEONARDO RAPADAS
United States Attorney
STEVE CHIAPPETTA
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM

NOV - 3 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00079 |
| Plaintiff, ) | |
| ) | **UNITED STATES' MEMORANDUM** |
| vs. ) | **OF LAW RE: 18 U.S.C. § 1001(a)** |
| ) | |
| ROSARIO RAMONA PANGELINAN ) MENO, aka ROSE MARIE MENO, ) aka ROSE FEGURGUR, ) | |
| Defendant. ) | |

The United States, by and through its attorneys, respectfully submits this memorandum on this issue of apparent first impression in this District on whether the defendant's conduct of providing false information to conceal her identity and criminal history from her pre-trial services officer is subject to prosecution under 18 U.S.C. 1001(a) and not specifically exempted by 18 U.S.C. 1001(b). The defense has conceded this issue and has filed no objection to the application of 18 U.S.C. 1001(a) to their client's conduct. For the reasons as stated below, the United States respectfully requests that the Court rule as a matter of law that 18 U.S.C. 1001(a) is applicable to the matter before the Court.

1

In *U.S. v. McNeil*, the 9th Circuit established a three-part test to determine whether a statement qualifies for the judicial function exception embodied in 18 U.S.C. section 1001(B). *U.S. vs. McNeil*, 362 F2d 570 (9th Cir 2004). To qualify for the "judicial function" exception to prosecution under 18 U.S.C. section 1001(a), a defendant must satisfy the following: "(1) that the defendant was a party to a judicial proceeding; (2) the defendant's statements were submitted to a judge or magistrate and (3) the defendant's statements were made "in that proceeding". *U.S. vs. McNeil*, supra, citing 18 U.S.C. 1001(b). It is undisputed that the defendant is a party to a judicial proceeding, as she is the defendant in the instant case. Therefore, the first part of the *McNeil* test is satisfied.

The second part of the *McNeil* test requires that the defendant's statement be made to a judge or magistrate. In the matter before the Court, the facts do not satisfy this test, as the defendant did not, either by herself or through counsel, submit any false statements to a judge or magistrate in this proceeding, as required under the second part of the *McNeil* test. Therefore, unlike the facts in *McNeil*, the present case is clearly distinguishable, as all of the false statements made by the defendant were to her pre-trial services officer only, and not to any judge or magistrate. A plain reading of the text of 18 U.S.C. section 1001(b) clearly states that the exception applies only if submitted to a *judge or magistrate* in a proceeding.

In a case that is factually analogous to the matter at bar, the 9th Circuit recognized that 18 U.S.C. section 1001 is applicable to the judiciary as it pertained to false statements made to a probation officer by a defendant to conceal her criminal history. *U.S. v. Gonzalez-Marez*, 752 F.2d 1485, 1492, 93 (9th Cir. 1985) *cert denied*, 473 US 913 (1986). Although *Gonzalez* was decided before the 1996 amendments to section 1001 went into effect, the reasoning of the Court, when read in conjunction with the legislative history behind the 1996 amendments to section 1001, can be applied to the instant case to support the position that false statements made by a defendant to pre-trial services fall within the purview of 18 U.S.C. 1001(a) and are not exempted by 18 U.S.C. 1001(b).

2

In 1996, Congress codified the "judicial exception" to 18 U.S.C. 1001(a) in response to the United States Supreme Court's divided decision in *Hubbard v. U.S.*, 514 U.S. 695 (1995). It is clear from the Legislative history behind the 1996 amendments to 18 U.S.C. 1001 that the intent of Congress was to maintain the status quo in the law that was upset after the *Hubbard* decision, in order to preserve the judicial function exception created by the Circuits that was overruled by *Hubbard*. The House Report noted that the bill's purpose was to "ensure that section 1001 applies to judicial and legislative branches as well as the executive branch". *House Judiciary Comm.*, J Rep. No. 104-680 at 2 (July 16 1996), 1996 U.S.C.C.A.N. 3935, 3936 (1996). See also, *U.S. v. Butler*, 351 F. Supp. 2d 121, 127 (S.D.N.Y. 2004)(discussing the legislative history of the 1996 amendments and relationship between 18 U.S.C. section 1001 and perjury).

"The House Report also made clear that the bill was intended to accomplish the "restoration" of false statement penalties abrogated by *Hubbard* decision "while ensuring that the scope of section 1001 is limited as it was prior to *Hubbard*." Id. To that end, the bill codified the "judicial function doctrine" exception now embodied in 18 U.S.C. 1001(b). The Report makes it clear that the exception in section 1001(b):

> "[was] intended to codify the judicial function exception which has been long recognized by many Federal courts as necessary to safeguard from the threat of prosecution statements made in the course of adversarial litigation.....The exception is consistent with the Court's reasoning in *Bramblett* and *Morgan*, and subsequent case law, which consistently distinguished the adjudicative from administrative functions of the court, exempting from section 1001 only those communications made to the court when it is acting in it's adjudicative or judicial capacity, and leaving subject to 1001 those representations made to the court when it is functioning in its administrative capacity. Thus, false statements uttered during the course of court proceedings or contained in court pleadings would not be covered by section 1001[.]" *U.S. v. Butler*, supra, at 131, quoting *House Judiciary Comm.*, J Rep. No. 104-680 at 2 (July 16 1996), 1996 U.S.C.C.A.N. 3935, 3936 (1996).

The United States respectfully submits that the Legislative History and case law interpreting the 1996 amendment to section 1001 reflect the intent behind the 1996 amendment

3

to preserve the judicial function doctrine which was to bring false statements not uttered as a part of a court proceeding or submitted in a court pleading within the purview of 18 U.S.C. 1001(a) and specifically exclude from prosecution all false statements and submissions made to a judge or magistrate under 18 U.S.C. 1001(b), as those are more appropriately prosecuted under the various perjury and/or obstruction of justice statutes. Such an interpretation is consistent with the present statutory scheme and 9th Circuit case law. See e.g, *United States vs. Mayer*, 775 F.2d 1387, 1390 (9th Circuit 1985) ( Section 1001 should not be permitted to "swallow up" perjury); *U.S. vs. McNeil*, 362 F2d 570 (9th Cir 2004); *U.S. v. Butler*, 351 F. Supp. 2d 121, 127 (S.D.N.Y. 2004).

Therefore, based upon the foregoing, United States respectfully submits that the defendant's conduct of falsifying her name and social security number to conceal her criminal history from her pre-trial services officer falls under the purview of 18 U.S.C. 1001(a). United States further respectfully submits that had the defendant in this case made the same false declarations directly to a judge or magistrate, the protections under 18 U.S.C. 1001(b) would apply as they did in *McNeil*, exposing the defendant to potential prosecutions for perjury, obstruction of justice or false material declarations. However, this situation is not present in this case as the defendant's false statements were limited <u>solely</u> to her pre-trial services officer and were not, at any time, submitted to a judge or magistrate in this proceeding. To expand the scope of the judicial function exception under 18 U.S.C. 1001(b) to include false statements made to pre-trial services that are not made or submitted by any party "to a judge or magistrate in that proceeding", would set a precedent in this District that would limit prosecutions for false statements made to pre-trial services to perjury or obstruction of justice, which would clearly run counter to the Congressional intent that section 1001 be made applicable to the judicial branch.

1  For all of the foregoing reasons, the United States respectfully requests that the Court
2  rule as a matter of law that 18 U.S.C. 1001(a) is applicable to the matter before the Court.
3  Respectfully submitted 3rd day of November 2005.

                                                  LEONARDO M. RAPADAS
                                                  United States Attorney
                                                  Districts of Guam and NMI

                      By:     _____
                                STEVE A. CHIAPPETTA
                                Special Assistant United States Attorney