# ORIGINAL

rosemenople

1

2 **LEONARDO M. RAPADAS**
United States Attorney
3 **STEVE CHIAPPETTA**
Special Assistant U.S. Attorney
4 Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
5 Hagåtña, Guam 96910
Telephone: (671) 472-7332
6 Telecopier: (671) 472-7334
7

8 Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

NOV - 8 2005 *ap*

**MARY L.M. MORAN
CLERK OF COURT**

9 **IN THE UNITED STATES DISTRICT COURT**
10
11 **FOR THE TERRITORY OF GUAM**

12

13 UNITED STATES OF AMERICA,               )   CRIMINAL CASE NO. 05-00079
                                         )
14                        Plaintiff,      )
                                         )
15            vs.                         )   **PLEA AGREEMENT**
                                         )
16 ROSARIO RAMONA PANGELINAN             )
   MENO, aka  ROSE MARIE MENO,           )
17 aka ROSE FEGURGUR,                     )
                                         )
18                        Defendant.      )
19 _____)

20

21        Pursuant to Rule 11(e)(1)(B), the United States and the defendant, ROSARIO RAMONA

22 PANGELINAN MENO, aka ROSE MARIE MENO aka ROSE FEGURGUR enter into the

23 following plea agreement:

24        1. The defendant,  ROSARIO RAMONA PANGELINAN MENO, aka ROSE MARIE

25
26 MENO aka ROSE FEGURGUR, agrees to enter a guilty plea to an Information charging her with

27 Count I, Driving Under the Influence, 16 G.C.A. section 18102(a) and (b), as assimilated by 18

28                                        1

U.S.C. section 13 (misdemeanor); Count II Unlawful Possession of Military Identification Card in violation of Title 18, U. S.C. Section 701 (misdemeanor); and Count III False Statement under 18 U.S.C. section 1001 (felony). The defendant further agrees to waive indictment.

2. The defendant, ROSARIO RAMONA PANGELINAN MENO, aka ROSE MARIE MENO, aka ROSE FEGURGUR, further agrees to fully and truthfully cooperate with Federal and territorial law enforcement agents concerning their investigation stolen, unauthorized and/or forged military identification cards. She agrees to testify fully and truthfully before any grand juries and at any trials or proceedings if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that she does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses now known to the government or which she reveals to Federal authorities.

3. The defendant further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in stolen unauthorized and/or forged military identification cards and related activities, and her knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

//

2

4. The defendant understands that the <u>maximum</u> sentence for Driving Under the Influence (1st Offense), is a fine of no less than $1000.00 but no more than $5000.00; minimum 48 hours of imprisonment with a maximum term of imprisonment of 1 year; loss of drivers license for 6 months; and a term of probation not to exceed 2 years, together with any other conditions and/or punishment that the Court deems fair and reasonable. The defendant further understands that the maximum sentence for Unlawful Possession of a Military /Identification card is a $5000.00 fine; imprisonment for 6 months, or both. The defendant understands that the maximum sentence for False Statement under 18 U.S.C. 1001(a), is 5 years incarceration with a $250,000 fine, together with other conditions and/or punishment that the Court deems fair and reasonable. Any sentence of incarceration shall include a term of supervised release of not more than three (3) years. The total of $100.00 special assessment fee must be paid prior to or upon sentencing. If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive credit for time served, if any. If defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will recommend a sentence of incarceration within the Guidelines range it may deem appropriate.

The defendant understands and agrees that with regard to Count I, the Court may impose the mandatory minimum fine of $1000.00. As the fine in Court I is mandatory, the government will recommend that no fine be imposed as it pertains to Courts II and III. If defendant is financially unable to immediately pay the mandatory fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3

1    5. The defendant understands that to establish the following violations, the government

2 must prove each of the following elements beyond a reasonable doubt:

3       A. Count I:  Driving Under the Influence, a violation of 16 G.C.A. section 18102(a)

4

5 and (b) as assimilated under 18 U.S.C. section 13,

6       First, that the defendant had eight one-hundredths of one percent (0.08%) or more, by
        weight, of alcohol in his or her blood;
7

8       Second, that the defendant was operating and/or in physical control of his or her vehicle;

9       Third, that the offense occurred on land acquired for the use of the United States and
        under the exclusive or concurrent jurisdiction thereof, under 18 U.S.C. section 7(3).
10

11      B. Count II: Unlawful Possession of Military Identification Card, 18 U.S.C. section 701:

12          First, that the defendant possessed an identification card of the design prescribed
            by the head of an Agency of the United States;
13

14          Second, that the possession and or use of the identification card was not
            authorized.
15

16      C. Count III: False Statement, 18 U.S.C. section 1001:

17          First, that the defendant made a false statement or concealed a material fact in a
            matter within the jurisdiction of the U.S. Naval Security Force;
18

19          Second, the defendant acted willfully, that is deliberately and with knowledge that
            the statement was untrue; and
20

21          Third, the statement was material to the U.S. Naval Security Force's activities or
            decisions.
22      6. The defendant understands that the Sentencing Guidelines apply to this offense. The

23 government and the defendant stipulate to the following facts for purposes of the Sentencing

24 Guidelines:

25

26      a. The defendant was born in 1954, and is a citizen of the United States.

27

28                                              4

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.8 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

c. On or about June 7, 2005, the defendant, while operating and in physical control of a vehicle belonging to Demotelia Viera, entered the front gate of Naval Base Guam Housing area located at Old Apra, Santa Rita, Guam and presented a military identification card belonging to a Jose Fegurgur. The defendant was not authorized to use the military identification card presented and was not otherwise authorized to enter the Old Apra Housing area onboard Naval Base Guam. The defendant's blood alcohol concentration at the time of the offense was 0.247.

d. Further, on or about 7 June 2005, in the District of Guam, the defendant, did knowingly and willfully falsify and conceal a material fact, to wit: her true identity and social security number, to the United States Naval Security Forces Detachment Guam (NSF), by providing a fictitious name and social security number in order to avoid having her past criminal history revealed, which was material to the assessment by NSF of whether the defendant had a prior criminal history at the time of her arrest.

e. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

5

1    7. The defendant understands that this plea agreement depends on the fullness and

2    truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should

3
     fail to fulfill completely each and every one of her obligations under this plea agreement, or make
4

5    material omissions or intentional misstatements or engage in criminal conduct after the entry of

6    her plea agreement and before sentencing, the government will be free from its obligations under

7    the plea agreement; thus defendant, in addition to standing guilty of the matters to which she has

8
     pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other
9
     crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local,
10

11   shall be free to use against her, without limitation, any and all information, in whatever form, that

12   she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any

13   claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of

14   Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to

15
     attempt to bar such use of the information.
16

17        8. The defendant understands that her sentencing may be continued, at the sole discretion

18   of the United States, until after the indictment and trial of any associates involved. This will also

19   enable the Court to see the full degree of the defendant's cooperation. The defendant therefore

20   waives any right she may have to any speedy sentencing and hereby agrees to any continuance of

21
     her sentencing date as it may become necessary.
22

23        9. The defendant agrees to waive any right to appeal or to collaterally attack this

24   conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

25        10. The defendant acknowledges that she has been advised of her rights as set forth

26   below prior to entering into this plea agreement. Specifically, defendant has been fully advised

27

28                                                     6

of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Her right to be represented by an attorney;

c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g. That she reads, writes and speaks the English language and has no need for an interpreter;

h. That she has read the plea agreement and understands it.

//

//

//

7

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

11 / 08 / 05
DATED

*Rosario P. Meno*
ROSARIO RAMONA PANGELINAN MENO

11/8/05
DATED

JOAQUIN ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

11/8/05
DATED

By: _____
STEVEN CHIAPPETTA
Special Assistant U.S. Attorney

11/8/05
DATED

RUSSELL C. STODDARD
First Assistant U.S. Attorney

8