PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
for
## District of Guam

FILED
DISTRICT COURT OF GUAM
FEB -6 2007
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Rosario Ramona Pangelinan Meno | Case Number: | CR 05-00079-001 |

Name of Sentencing Judicial Officer:   Honorable Larry Alan Burns, Designated Judge

Date of Original Sentence:   February 7, 2006

Original Offense:   Driving Under the Influence of Alcohol (BAC) (Misdemeanor), in violation of 16 GCA §180102(b) and 18 U.S.C. §§7(3); Unlawful Possession of Military ID (Misdemeanor), in violation of 18 U.S.C. §701; and False Statement, in violation of 18 U.S.C. §1001.

Original Sentence:   37 days imprisonment with credit for time served followed by three years supervised release to include: compliance with the standard conditions of supervised release; refrain from unlawful possession or use of a controlled substance; refrain from any and all use of alcoholic beverages, and submit to any testing as required by the U.S. Probation Office; participate in a program for the treatment of alcohol dependency if deemed necessary; participate in a mental health treatment program; maintain gainful employment; perform 100 hours of community service; and pay a special assessment fee of $50. **Informational Report submitted September 18, 2006** for failure to refrain from consuming alcohol. **Modification Report submitted November 17, 2006** to perform 24 hours of community service as a sanction for having a blood alcohol content of .021 on November 3, 2006 remains pending.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | February 7, 2006 |
| Assistant U.S. Attorney: | Ryan M. Anderson | Defense Attorney: | Joaquin C. Arriola, Jr. |

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Standard Condition** | *Failure to report to the probation officer and submit a truthful and complete written report within the first five days of the month, in violation of 18 U.S.C. § 3583(d).* |
| **Special Condition** | *Failure to participate in a program approved by the U.S. Probation Office for treatment of alcohol dependency if deemed necessary, in violation of 18 U.S.C. § 3583(d).* |
| **Special Condition** | *Failure to maintain gainful employment, in violation of 18 U.S.C. § 3583(d).* |

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

- [ ] revoked.
- [ ] extended for _____ years, for a total term of _____ years.

[X] The conditions of supervision should be modified as follows:

Ms. Meno shall participate in a residential treatment facility.

*See attached Declaration in Support of Petition submitted by*
*U.S. Probation Officer Specialist Carmen D. O'Mallan*

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: JAN. 31, 2007

Reviewed by:

RYAN M. ANDERSON
Assistant U.S. Attorney
Date: 2/1/07

I declare under penalty of perjury that the foregoing is true and correct.

CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Executed on: 1/31/2007

THE COURT ORDERS:

- [ ] No action.
- [ ] The issuance of a warrant.
- [X] The issuance of a summons.
- [ ] Other

FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District of Guam

2/6/07
Date

RECEIVED
FEB - 2 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| United States of America ) | CRIMINAL CASE NO. 05-00079-001 |
|       Plaintiff, ) | |
| ) | |
| ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. ) | |
| ) | |
| MENO, Rosario Ramona Pangelinan ) | |
|       Defendant. ) | |
| ) | |

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Rosario Meno, and in that capacity declare as follows:

On February 7, 2006, Rosario Meno was sentenced to 37 days imprisonment and three years supervised release for the offenses of: Driving Under the Influence of Alcohol (BAC) (Misdemeanor), in violation of 16 GCA § 18012(b) and 18 U.S.C. § 7(3); Unlawful Possession of Military ID (Misdemeanor) in violation of 18 U.S.C. § 701; and False Statement, in violation of 18 U.S.C. § 1001. Ms. Meno's term of supervised release commenced on February 7, 2006. She is alleged to have violated the following conditions of supervision, which are all in violation of 18 U.S.C. § 3583(d).

**Standard Condition**: *The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.*

Ms. Meno did not submit a monthly report in January for the month of December 2006. During an unscheduled home visit on January 19, 2007, Ms. Meno stated that she had been sick, and could not submit her report as instructed. Ms. Meno recently acquired a telephone, but was unable to provide a reason for not calling to inform this Officer that she was ill.

**Special Condition**: *The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of alcohol dependency if deemed necessary.*

Declaration in Support of Petition
Re: MENO, Rosario Ramona Pangelinan
USDC Cr. Cs. No. 05-00079-001
January 29, 2007
Page 2

Ms. Meno failed to meet any of her weekly counseling appointments during the month of December 2006. She was further instructed to attend five AA meetings per week after she recorded a blood alcohol content of .295 on September 6, 2006. Ms. Meno's attendance at the meetings was sporadic which she attributed to a lack of reliable transportation. Her counselor reported that she feels Ms. Meno's substance abuse issues cannot be confronted or adequately addressed unless her attendance in treatment is consistent. She further stated that Ms. Meno's prognosis to remain sober is poor while she remains in an alcohol-using environment which is not conducive to recovery. The counselor recommends placement in a residential setting.

During a home visit in the afternoon of January 19, 2007, Ms. Meno's significant other, Jose Fegurgur, was sitting outside in the carport with two adult males who were attending to a bar-be-que grill. Ms. Meno stated that they were celebrating Mr. Fegurgur's 65th birthday. There were approximately six beer cans on a table in the carport and two cans of beer in an indoor dining table noted during the visit.

**Special Condition:** *The defendant shall maintain gainful employment.*

Ms. Meno was employed at the start of her term of supervised release as a food handler at Hoa Mai Restaurant in Agat. She was terminated from her job in March 2006 for repeated tardiness as a result of transportation problems with the Guam Mass Transit. Contact with her employer, Mary Babauta, verified Ms. Meno's termination. Ms. Babauta further stated that working hours for all employees had been cut as business was slow. Ms. Meno made unsuccessful attempts to seek employment, but was hindered by unreliable transportation provided by Mass Transit.

**Supervision Compliance:** Ms. Meno has been living with Jose Fegurgur since 1990. Mr. Fegurgur is 65 years old and receiving social security and military disability checks. Ms. Meno is financially dependant on Mr. Fegurgur who provides for her housing and other living expenses. In return, Mr. Fegurgur is dependant on Ms. Meno to assist him with his medical issues.

Ms. Meno completed her 100 hours of community service and paid her special assessment fee. She has been compliant with her other conditions of release.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a summons for Rosario Meno to appear for a hearing to answer or show cause why her term of supervised release should not be modified, pursuant to 18, U.S.C. § 3583.

Declaration in Support of Petition
Re: MENO, Rosario Ramona Pangelinan
USDC Cr. Cs. No. 05-00079-001
January 29, 2007
Page 3

Executed this 29th day of January 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Ryan M. Anderson, SAUSA
Joaquin C. Arriola, Jr.
File

# VIOLATION WORKSHEET

1. Defendant **ROSARIO RAMONA PANGELINAN MENO**
2. Docket Number (Year-Sequence-Defendant No.) **CR 05-00079-001**
3. District/Office    Guam
4. Original Sentence Date    02 / 07 / 06
                              month / day / year

(If different than above):

5. Original District/Office    N/A
6. Original Docket Number (Year-Sequence-Defendant No.)    N/A
7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • *Failure to report to the probation officer and submit a truthful and complete written report within the first five days of the month.* | C |
| • *Failure to participate in a program approved by the U.S. Probation Office for treatment of alcohol dependency if deemed necessary.* | C |
| • *Failure to maintain gainful employment.* | C |

8. Most Serious Grade of Violation (see §7B1.1(b))    **C**
9. Criminal History Category (see §7B1.4(a))    **I**
10. Range of Imprisonment (see §7B1.4(a))    **3 to 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: **Rosario Ramona Pangelinan Meno**

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   | | |
   |---|---|
   | Restitution ($) _____ | Community Confinement _____ |
   | Fine ($) _____ | Home Detention _____ |
   | Other  Special Assessment - $75 | Intermittent Confinement _____ |

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: __N/A__ to __N/A__ years.

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment: __27 - 33__

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:05-cr-00079   Document 31   Filed 02/06/2007   Page 7 of 7